1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SHAUNTAE EDWARDS,

11              Plaintiff,              No. 2:10-cv-1250 WBS KJN

12         v.

13   NIKE RETAIL SERVICES, INC.;
     et al.,

14

15              Defendants.            ORDER
     _____/

16

17              In this action, plaintiff Shauntae Edwards alleges causes of action for sexual

18   harassment, hostile work environment, gender discrimination, failure to prevent sexual

19   harassment, and intentional infliction of emotional distress against defendants Nike Retail

20   Services, Inc. and/or Ryan Taylor.  (Dkt. No. 1.)  Presently pending before the court is

21   defendants' application for an order striking plaintiff's expert disclosures pursuant to Rules

22   26(a)(2)(B) and 37(c)(1) of the Federal Rules of Civil Procedure, filed on October 26, 2012.

23   (Dkt. No. 40.)  That same day, in light of the imminent November 16, 2012 expert discovery

24   completion deadline, the court by minute order set the application for hearing on November 1,

25   2012 on shortened time.  (Dkt. No. 41.)  Plaintiff was ordered to file a response to the application

26   no later than 12:00 p.m. on October 30, 2012.  (Id.)  On October 30, 2012, plaintiff filed an

1   opposition to defendants' application as well as an application for an order striking defendants'

2   expert disclosures under Rules 26(a)(2)(B) and 37(c)(1), and an order requiring "that an all day

3   mediation be completed."  (Dkt. No. 42.)

4              At the November 1, 2012 hearing, attorneys Arthur Navarette and Zane Becker

5   appeared on behalf of plaintiff, and attorney Timothy Nelson appeared on behalf of defendants.

6   (Dkt. No. 43.)  After considering the parties' briefing, the parties' oral argument, and appropriate

7   portions of the record, the undersigned grants in part and denies in part both plaintiff's and

8   defendants' applications.

9   <u>BACKGROUND</u>

10              On November 3, 2010, the district judge entered a status (pre-trial scheduling)

11   order providing that:

> 12   The parties shall disclose experts and produce reports in
> accordance with Federal Rule of Civil Procedure 26(a)(2) by no
> 13   later than June 1, 2011.  With regard to expert testimony intended
> solely for rebuttal, those experts shall be disclosed and reports
> 14   produced in accordance with Federal Rule of Civil Procedure
> 26(a)(2) on or before July 1, 2011.  All discovery, including
> 15   depositions for preservation of testimony, is left open, save and
> except that it shall be so conducted as to be <u>completed</u> by August
> 16   1, 2011.  The word "completed" means that all discovery shall
> have been conducted so that all depositions have been taken and
> 17   any disputes relevant to discovery shall have been resolved by
> appropriate order if necessary and, where discovery has been
> 18   ordered, the order has been obeyed.

19   (Dkt. No. 20 at 2-3.)  Subsequently, on June 20, 2011, the district judge entered an order

20   continuing the trial date and related dates.  (Dkt. No. 24.)  That order extended the deadline to

21   disclose experts and produce expert reports to June 1, 2012; the deadline to disclose rebuttal

22   experts and reports to July 2, 2012; and the deadline to complete discovery to August 3, 2012.

23   (<u>Id.</u>)  The final pre-trial conference and jury trial were also reset for December 10, 2012, and

24   February 5, 2013, respectively.  (<u>Id.</u>)

25              Thereafter, the undersigned, based on stipulations by the parties, on three

26   occasions extended the deadline to complete discovery pertaining to expert witnesses and

treating doctors, most recently until November 16, 2012.  (Dkt. Nos. 30, 36, 39.)  The parties also stipulated, and the court eventually ordered, a mental examination of plaintiff by Dr. Ronnie Sue Leith (with psychological testing to be administered by Dr. Joanna Berg) to take place on September 19, 2012.  (Dkt. No. 36.)  In requesting extensions of the deadline to complete expert discovery, the parties represented that they were pursuing settlement discussions and mediation, and wished to avoid the potentially unnecessary costs of deposing expert witnesses and treating doctors.  (See Dkt. Nos. 29, 36.)  However, the parties also represented that the extensions would not affect any of the other deadlines set by the district judge.  (See Dkt. Nos. 29, 36, 39.) Significantly, the parties never requested an extension of the deadlines to *disclose* experts and rebuttal experts with the accompanying production of reports – the parties only requested extensions of the deadline to conduct expert discovery, i.e., to depose experts and treating physicians.  Accordingly, as noted above, the operative deadlines set by the district judge to disclose experts and reports, and rebuttal experts and reports, remained June 1, 2012, and July 2, 2012, respectively.  (Dkt. No. 24 at 2.)

On October 26, 2012, with the looming November 16, 2012 deadline to complete expert witness discovery, an upcoming pre-trial conference before the district judge on December 10, 2012, and a jury trial set for February 5, 2013, defendants filed their ex parte application for an order striking plaintiff's expert disclosures.  (Dkt. No. 40.)  Defendants contend that plaintiff disclosed three expert witnesses on June 1, 2012 (Craig Pratt [a human resources specialist], Dr. Joy Policar [plaintiff's treating physician], and Robert Johnson [a forensic economist]), but failed to provide reports pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure from any of these witnesses, and failed to provide any detail regarding the subject matter, facts, and opinions to which each expert was expected to testify.  (Declaration of Timothy Nelson, Dkt. No. 40-1 ["Nelson Decl."] ¶ 3, Ex. A.)  As such, defendants claim that, despite the imminent November 16, 2012 expert discovery completion deadline, they are unable to prepare for depositions of plaintiff's experts.  Defendants argue that plaintiff had ample opportunity to

3

1    provide expert reports since disclosing her experts on June 1, 2012, but failed to do so.

2          Accordingly, defendants request that the court, as a discovery sanction, strike

3    plaintiff's expert witness disclosures for failure to comply with Rule 26(a)(2)(B), and preclude

4    Mr. Pratt and Mr. Johnson from providing expert testimony at trial.  In their brief, defendants

5    also sought to limit Dr. Policar's testimony to her opinions formed in the scope of the treatment

6    that she rendered to plaintiff, although, as discussed below, the parties have since reached an

7    agreement with respect to Dr. Policar's expert report, deposition, and testimony.

8          Defendants further assert that they disclosed the identity of Dr. Leith as an expert

9    witness on June 1, 2012, but did not provide a report at that time, because Dr. Leith had not yet

10   conducted an independent medical examination of plaintiff.  However, Dr. Leith conducted her

11   examination on September 19, 2012, and defendants provided plaintiff with Dr. Leith's report on

12   October 11, 2012.  (Nelson Decl. ¶¶ 4, 6, Exs. B, C.)  Defendants also designated a rebuttal

13   human resources expert, Paul Finkle, on July 2, 2012.  Defendants acknowledge that they have

14   not yet provided a report from Mr. Finkle, but contend that Mr. Finkle, as a rebuttal expert,

15   cannot prepare a report until he knows what opinions plaintiff's human resources expert intends

16   to offer.  (Id. ¶ 5.)  Defendants also point out that they cannot adequately prepare Mr. Finkle for

17   deposition without any knowledge of what plaintiff's expert will testify to.  (Id. ¶ 8.)

18          In her briefing, plaintiff asserts that she agreed to the above-mentioned extensions

19   of the expert discovery completion deadline with the understanding that defendants would

20   participate in good faith at mediation, but that defendants instead walked out of the October 10,

21   2012 mediation after approximately 2 hours without making a single offer to plaintiff.

22   (Declaration of Arthur A. Navarette, Dkt. No. 42-1 ["Navarette Decl."] ¶¶ 17-18.)  As such,

23   plaintiff requests that the parties be ordered to complete mediation.

24          Additionally, plaintiff states that it was not until October 11, 2012, the day after

25   the mediation, that defendants finally produced their medical expert reports to plaintiff, even

26   though defendants purportedly already had these reports in their possession prior to the

4

1    mediation.  (Dr. Berg's report is dated September 24, 2012, and Dr. Leith's report, which is

2    based in part on the testing conducted by Dr. Berg, is dated October 4, 2012.)  (Navarette Decl.

3    ¶¶ 9-10, 15.)  Subsequently, on October 25, 2012, plaintiff requested defendants to stipulate to a

4    further extension of the expert discovery completion deadline to allow plaintiff to obtain expert

5    reports and complete expert discovery.  According to plaintiff, defendants refused and instead

6    filed their application to strike plaintiff's expert disclosures without adequately meeting and

7    conferring with plaintiff.  (Id. ¶ 21.)  Plaintiff argues that defendants on their part also failed to

8    provide plaintiff with their medical expert reports until October 11, 2012, over four months after

9    they were due; that both parties are in contravention of Rule 26(a)(2)(B) and the court's modified

10   scheduling order; and that all parties' expert disclosures should be stricken pursuant to Rule

11   37(c)(1).

12   DISCUSSION

13              Rule 26(a)(2) of the Federal Rules of Civil Procedure provides, in part, that unless

14   otherwise stipulated or ordered by the court, an expert disclosure "must be accompanied by a

15   written report – prepared and signed by the witness – if the witness is one retained or specially

16   employed to provide expert testimony in the case or one whose duties as the party's employee

17   regularly involve giving expert testimony."  Fed. R. Civ. P. 26(a)(2)(B).  "The report must

18   contain: (i) a complete statement of all opinions the witness will express and the basis and

19   reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any

20   exhibits that will be used to summarize or support them; (iv) the witness's qualifications,

21   including a list of all publications authored in the previous 10 years; (v) a list of all other cases in

22   which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

23   (vi) a statement of the compensation to be paid for the study and testimony in the case."  Fed. R.

24   Civ. P. 26(a)(2)(B) (i)-(vi).  Even for witnesses who are not required to provide a written report,

25   such as non-retained percipient expert witnesses, the disclosure must still state "(i) the subject

26   matter on which the witness is expected to present evidence under Federal Rule of Evidence 702,

1   703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to

2   testify." Fed. R. Civ. P. 26(a)(2)(C).  Although the Rules provide for certain default deadlines to

3   make expert witness disclosures, expert witness disclosures are due "at the times and in the

4   sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

5           "If a party fails to provide information or identify a witness as required by Rule

6   26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

7   motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In

8   addition to or instead of this sanction, the court, on motion and after giving an opportunity to be

9   heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by

10  the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate

11  sanctions...." Fed. R. Civ. P. 37(c)(1).

12          As the Ninth Circuit Court of Appeals explained:

13          Rule 37 "gives teeth to Rule 26's disclosure requirements by
            forbidding the use at trial of any information that is not properly
14          disclosed. *Yeti by Molly Ltd.*, 259 F.3d at 1106 (citing
            Fed.R.Civ.P. 37(c)(1)).  Rule 37(c)(1) is a "self-executing,"
15          "automatic" sanction designed to provide a strong inducement for
            disclosure. *Id.* (quoting Fed.R.Civ.P. 37 advisory committee's note
16          (1993)).  The only exceptions to Rule 37(c)(1)'s exclusion sanction
            apply if the failure to disclose is substantially justified or harmless.
17          Fed.R.Civ.P. 37(c)(1).

18  Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011); see also

19  Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106-07 (9th Cir. 2001) ("even

20  absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for

21  failing to fulfill the required disclosure requirements of Rule 26(a)").  "The burden to prove

22  harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction."  Goodman, 644

23  F.3d at 827 (citing Yeti by Molly Ltd., 259 F.3d at 1107).

24          In this case, there is no question that both plaintiff and defendants failed to

25  comply with the disclosure requirements of Rule 26(a)(2)(B) and the court's modified scheduling

26  order.  Neither plaintiff nor defendants sought an appropriate extension of the deadlines to

6

1   disclose experts to allow them to serve proper expert reports (or for any percipient expert

2   witness, at least a summary of the subject matter, facts, and opinions to which the expert is to

3   testify) along with the identification of their experts.  Therefore, the exclusionary sanction

4   potentially applies to both plaintiff's and defendants' experts.

5            However, the analysis as to substantial justification and harmlessness leads to

6   different results for different witnesses.  Although the court cannot necessarily conclude that

7   defendants were substantially justified in serving their medical expert reports for Dr. Leith and

8   Dr. Berg over four months late, it appears that there were some difficulties with scheduling the

9   independent medical examination ("IME") on which the reports were to be based.[1]  Although

10  defendants should have sought an appropriate extension of the deadline to provide the reports,

11  defendants at least provide some justification for the late reports.

12           Furthermore, defendants' late disclosure of the medical expert reports on October

13  11, 2012, although potentially inconvenient in some sense, was ultimately harmless, because it

14  left sufficient time for plaintiff to conduct the deposition of defendant's medical expert, Dr.

15  Leith, prior to the expert discovery completion deadline of November 16, 2012.  Plaintiff alleges

16  harm because defendants' medical expert reports were purportedly in defendants' possession

17  prior to the mediation, emphasizing that plaintiff did not have access to these reports until after

18  the mediation.  However, plaintiff can hardly be heard to complain about her lack of access to the

19  reports at the mediation when she herself has not even provided *any* expert reports to defendants

20

21           [1] Plaintiff attributes the scheduling difficulties to defendants, stating that defendants
    scheduled and cancelled plaintiff's IME on three different occasions.  (Navarette Decl. ¶ 7.)
22  However, the e-mails regarding scheduling the IME attached to plaintiff's counsel's declaration
    do not suggest any gamesmanship on the part of defendants' counsel – merely that the parties
23  encountered some difficulties with coordinating the schedules of plaintiff, Dr. Leith, and Dr.
    Berg.  (Id., Ex. 4.; see also August 29, 2012 Stipulation to Continue Expert Discovery Cut-Off
24  and Deadline to Conduct Independent Medical Examination, Dkt. No. 35 at 2.)  Although
    plaintiff also asserts that defendants had "over two and one half years to have plaintiff undergo
25  an IME and obtain expert reports" (dkt. no. 42 at 2), the record shows that plaintiff was unable to
    participate in discovery for a significant period of time due to an emotional breakdown in her
26  deposition.  (See Dkt. No. 22.)

*to date*.[2]  In any event, even if the late disclosure of defendants' medical expert reports somehow interfered with a potential settlement at mediation, it has no harmful effect on the ultimate trial of this matter.

Accordingly, the exclusionary sanction of Rule 37(c)(1) is not appropriate as to defendants' disclosure of medical expert Dr. Leith, because the late disclosure was harmless. However, this finding presumes that defendants will make Dr. Leith readily available for a deposition by plaintiff's counsel prior to November 16, 2012.  If defendants fail to do so, plaintiff would certainly have the right to seek appropriate relief from the district judge.

As to defendants' rebuttal human resources expert, Mr. Finkle, the defendants concede that no expert report has been provided to date.  At the hearing, defendants stipulated to having their expert disclosures regarding Mr. Finkle stricken in the event that the court strikes plaintiff's expert disclosures relating to Craig Pratt, plaintiff's human resources expert.

Turning to plaintiff's experts, plaintiff provides no valid justification for why she has not provided reports from any of her three experts to date.[3]  Indeed, plaintiff's briefing concedes that her expert disclosures should be stricken, although she conditions that on the simultaneous striking of defendants' expert disclosures.  At best, plaintiff appears to have put all her eggs in one basket and hoped that the case would settle at mediation, obviating the need to

---

[2]  While the court takes a dim view of any potential tactical maneuvering by withholding already-late expert reports prior to mediation, it is unclear based on the record exactly when defendants received Dr. Leith's and Dr. Berg's reports.  Dr. Berg's report is dated September 24, 2012, and Dr. Leith's report, which is based in part on Dr. Berg's report, is dated October 4, 2012.  (Navarette Decl. ¶ 9, Ex. 6.)  Even assuming that defendants had both reports by October 4, 2012, the reports were disclosed only a week later on October 11, 2012.

[3]  Plaintiff makes much of the fact that she previously agreed to stipulate to several requests by defendants to extend the expert discovery completion deadline, and that defendants' refusal to stipulate to her single request on October 25, 2012 was unreasonable.  (Dkt. No. 42 at 5.)  However, given that plaintiff indicated on October 25, 2012 that she *still needed to obtain the expert reports* despite the imminent expert discovery completion deadline of November 16, 2012, and that the pre-trial conference and trial before the district judge are scheduled for December 10, 2012, and February 5, 2013, respectively, the court cannot conclude that defendants' refusal at that juncture was necessarily unreasonable.

conduct any expert discovery.  Furthermore, although plaintiff claims that defendants failed to participate in good faith at the mediation, she fails to explain how defendants' alleged behavior at mediation has any relevance to her own complete failure to prepare and provide expert reports. Unlike defendants' medical expert reports, the preparation of plaintiff's expert reports was in plaintiff's control and not dependent on defendants' cooperation.

Additionally, plaintiff's failure to provide any expert reports to date will result in obvious harm or prejudice to defendants.  Goodman, 644 F.3d at 827.  It will be virtually impossible for defendants to obtain all of plaintiff's expert reports, analyze them, and depose all three of plaintiff's experts prior to the current November 16, 2012 expert discovery completion deadline, especially given that the reports are not even completed.  The testimony of plaintiff's experts (plaintiff's treating physician, a human resources specialist, and a forensic economist) no doubt relates to important issues of liability and damages in the case, and defendants are entitled to a meaningful opportunity to depose these experts and explore their opinions – information that is not otherwise available to defendants prior to trial. Thus, without even preliminary or draft reports by plaintiff's experts, defendants would be greatly hampered in their ability to conduct expert discovery and otherwise prepare for trial.  Yeti by Molly, Ltd., 259 F.3d at 1107.

At the hearing, the parties advised the court that they have resolved their present dispute as to the expert disclosures regarding Dr. Joy Policar, plaintiff's treating physician. Plaintiff agreed to provide an expert report in compliance with Rule 26(a)(2)(B) to defendants no later than November 9, 2012, and the parties agreed to have defendants take Dr. Policar's deposition on November 16, 2012.  In light of these representations, the court will not strike plaintiff's expert disclosures as to Dr. Policar.  Again, if plaintiff fails to comply with these deadlines, defendants would be entitled to seek appropriate relief from the district judge.

Nevertheless, for the foregoing reasons, the court concludes that plaintiff's expert witness disclosures as to Craig Pratt (plaintiff's human resources expert) and Robert Johnson (plaintiff's forensic economist expert) should be stricken.  At the hearing, plaintiff's counsel

advised the court that he may also have disclosed a rebuttal medical expert, Dr. Joshua Kirz, but conceded that he has not provided an expert report for Dr. Kirz.  Dr. Kirz was not mentioned in the parties' briefing and defendants' counsel indicated that he was unsure as to whether he ever received an expert disclosure regarding Dr. Kirz from plaintiff.  Needless to say, with no expert report from Dr. Kirz to date, the court also finds it appropriate to strike any expert disclosure related to Dr. Kirz.

The court is cognizant of the harshness of the exclusionary sanction, which ordinarily precludes testimony by such experts for purposes of the litigation.  While the court would ordinarily explore the possibility of a continuance and lesser sanctions had plaintiff's expert reports merely been late, the pre-trial conference and trial before the district judge is scheduled for December 10, 2012, and February 5, 2013.  The undersigned cannot unilaterally alter the district judge's pre-trial conference and trial dates.  Therefore, plaintiff's complete failure to provide any expert reports a little more than two weeks prior to the expert discovery completion deadline, and less than two months before the pre-trial conference, has left the undersigned with little choice but to impose the exclusionary sanction under Rule 37(c)(1) with respect to Mr. Pratt, Mr. Johnson, and Dr. Kirz.[4]

Finally, plaintiff requests that the court order the parties to complete a mediation.  However, the parties privately agreed to pursue resolution of the case with a private mediator, and the mediation session was not ordered by the court.  Furthermore, there are a variety of reasons why a party may decide to not complete a voluntary mediation session.  While the court always encourages informal dispute resolution where appropriate and beneficial, the court has no occasion to question defendants' reasons for terminating their participation in a voluntary

---

[4] This order is without prejudice to any party seeking a modification of the scheduling order from the district judge along with a request for reconsideration of this order in light of any extensions granted by the district judge.  The instant order is imposed for purposes of discovery sanctions, but the final determination as to the admissibility of expert testimony is made by the district judge.  The undersigned expresses no opinion regarding the merits of any request for an extension of the pre-trial deadlines or other modification of the scheduling order.

mediation session.  Accordingly, the court declines to order the parties to complete the mediation session.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1.  Defendants' application for an order striking plaintiff's expert witness disclosures pursuant to Rule 37(c)(1) (dkt. no. 40) is GRANTED IN PART AND DENIED IN PART.

2.  Plaintiff's application for an order striking defendants' expert witness disclosures pursuant to Rule 37(c)(1) and compelling completion of mediation (dkt. no. 42) is GRANTED IN PART AND DENIED IN PART.

3.  Plaintiff's expert witness disclosures as to Craig Pratt, Robert Johnson, and rebuttal expert Dr. Joshua Kirz are STRICKEN pursuant to Rule 37(c)(1).

4.  Defendants' expert witness disclosures as to rebuttal expert Paul Finkle are STRICKEN pursuant to Rule 37(c)(1).

5.  Plaintiff shall provide Dr. Joy Policar's expert report in compliance with Rule 26(a)(2)(B) to defendants no later than November 9, 2012, and plaintiff shall make Dr. Policar available for a deposition by defendants on or before November 16, 2012.

6.  Defendants shall make Dr. Ronnie Leith readily available for a deposition by plaintiff no later than November 16, 2012.

7.  Plaintiff's request to compel a mediation session is DENIED.

IT IS SO ORDERED.

DATED:  November 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE